IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>ROBERT JAY SORENSEN,<br><br>Defendant, | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO PROVIDE FOR INSPECTION OF JURY LIST AND DENYING DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE OR IN THE ALTERNATIVE MOTION TO DISMISS GRAND JURY'S INDICTMENT<br><br><br><br>Case No. 2:99-CR-441 TS |

This matter is before the Court on Defendant's Motion to Provide for Inspection of Jury List and Defendant's Motion for Order to Show Cause or, in the Alternative, Motion to Dismiss Grand Jury's Indictment. In Defendant's Motions, Defendant seeks information concerning the selection of the grand jury. Alternatively, Defendant moves for dismissal of the Indictment. For the reasons stated below, the Court will deny Defendant's Motion to Dismiss the Indictment, but will provide Defendant with the information he seeks.

1

18 U.S.C. § 1867(f) provides:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except . . . as may be necessary in the preparation or presentation of a motion under . . . this section . . . .  The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion. . . .

The Supreme Court, in addressing this section has held that "a litigant has essentially an unqualified right to inspect jury lists."[1]

> [This provision] grants access in order to aid parties in the "preparation" of motions challenging jury-selection procedures.  Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge.  Thus, an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring "grand and petit juries selected at random from a fair cross section of the community."[2]

The Tenth Circuit has recognized this essentially unqualified right.[3]

Pursuant to this precedent, Defendant will be provided a copy of the Amended Plan for the Random Selection of Grand and Petit Jurors adopted by the United States District Court for the District of Utah, a copy of which will be attached to this Order.

It is therefore

ORDERED that Defendant's Motion to Provide for Inspection of Jury List (Docket No. 129) is GRANTED IN PART.  It is further

ORDERED that Defendant's Motion for Order to Show Cause or, in the Alternative, Motion to Dismiss Grand Jury's Indictment (Docket No. 130) is DENIED.

---

[1] *Test v. United States*, 420 U.S. 28, 30 (1975).

[2] *Id*. (quoting 28 U.S.C. § 1861).

[3] *United States v. Lawson*, 670 F.2d 923, 926 (10th Cir. 1982).

2

SO ORDERED.

DATED this 7th day of August, 2007.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge